George **GELMAN**

v.

**WESTINGHOUSE ELECTRIC CORPORATION et al.**

George **SHULOF, suing on behalf of himself and all other persons similarly situated**

v.

**WESTINGHOUSE ELECTRIC CORPORATION.**

Paul E. **SLATER, on behalf of himself and all other persons similarly situated**

v.

**WESTINGHOUSE ELECTRIC CORPORATION, a Pennsylvania Corporation, et al.**

George Gelman, Fannie Mann, George Shulof and Paul E. Slater, plaintiffs in the above-captioned consolidated actions, suing on behalf of themselves and all other persons similarly situated, Appellants.

No. 77–1170.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit Rule 12(6) March 28, 1977.

Decided June 6, 1977.

As Amended June 29, 1977.

---

Gene Mesh, Gene Mesh Co., L.P.A., Cincinnati, Ohio, Roslyn M. Litman, Litman, Litman, Harris & Specter, P. A., Pittsburgh, Pa., Harold R. Schmidt, Raymond G. Hasley, John H. Riordan, Jr., Rose, Schmidt & Dixon, Pittsburgh, Pa., Edward Nathan, Berthold H. Hoeniger, New York City, for appellants.

John W. Douglas, Peter J. Nickles, Covington & Burling, Washington, D. C., David B. Fawcett, Jr., Thomas W. Smith, Dickie, McCamey & Chilcote, Pittsburgh, Pa., Frank L. Seamans, J. Gary Kosinski, Eckert, Seamans, Cherin & Mellott, Pittsburgh, Pa., for appellees.

Before VAN DUSEN, GIBBONS and GARTH, Circuit Judges.

## OPINION OF THE COURT

GIBBONS, Circuit Judge.

Appellants are plaintiffs in three consolidated cases pending in the Western District of Pennsylvania against Westinghouse Electric Corporation and certain of its officers and agents, alleging claims arising under § 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), and Securities and Exchange Commission Rule 10b–5, 17 C.F.R. § 240.10b–5 (1974). Appellants seek to represent a class of all individuals who sold shares of Westinghouse common stock during the period May 2, 1974 and December 27, 1974. The gravamen of the charge is not particularly relevant to the disposition of the instant appeal. On November 24, 1976, the district court denied plaintiffs' motions for class certification, holding that neither the predominance nor the superiority tests of Fed.R.Civ.P. 23(b)(3) were met. Appellants requested that the order denying class certification be amended to include a statement, pursuant to 28 U.S.C. § 1292(b), that an immediate appeal should be permitted. The district court denied this request. Appellants, nevertheless, filed a notice of appeal. They also filed a petition

for a writ of mandamus, which this court denied on December 30, 1976. The appellees, relying on *Hackett v. General Host Corporation,* 455 F.2d 618 (3d Cir.), *cert. denied,* 407 U.S. 925, 92 S.Ct. 2460, 32 L.Ed.2d 812 (1972), now move to dismiss the appeals as interlocutory and not appealable. Appellants urge that despite *Hackett* the order in this case should be held to be collaterally final within the meaning of *Cohen v. Beneficial Industrial Loan Corporation,* 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). Since the reason advanced for considering the denial of class action certification as collaterally final is one which we have not heretofore considered we deem it appropriate to comment on the reasons for our grant of the motion to dismiss the appeal.

Appellants point out that claims under § 10(b) are governed by the analogous state statute of limitations. *Kubik v. Goldfield,* 479 F.2d 472, 477 n.12 (3d Cir. 1973). They suggest that the most likely applicable Pennsylvania statute of limitations is § 504(a) of the Pennsylvania Securities Act of 1972, 70 P.S. § 1–504(a). Section 504(a) provides for a time bar in securities fraud actions of three years after the transaction constituting the violation or one year after actual notice of the facts constituting it, whichever is shorter. Assuming, without deciding, that § 504(a) is the applicable statute of limitations, the facts suggest that the limitations period would run for one year as of August 12, 1975, the date on which appellants learned of the facts constituting the violation. However, under the rule of *American Pipe and Construction Co. v. Utah,* 414 U.S. 538, 94 S.Ct. 756, 38 L.Ed.2d 713 (1974), the filing of appellants' class action complaint on August 26, 1975, tolled the running of the statute of limitations for the entire class, at least until the district court ruled on the class certification question. The appellants fear, however, that the district court's November 24, 1976 denial of class certification will start the statute running again; and, when coupled with the *Hackett* rule of nonappealability, deprive the class members of meaningful appellate review. They urge that by the time this court reviews the propriety of the district court's denial of class certification the statute of limitations will have run,[1] thus barring the class members from taking advantage of any appellate ruling in favor of class certification.

■ If appellants' fears were well founded there might be an argument for reconsideration of the *Hackett* rule. We think, however, that the proper procedure is that announced in *Esplin v. Hirschi,* 402 F.2d 94, 101 n.12 (10th Cir. 1968), *cert. denied,* 394 U.S. 928, 89 S.Ct. 1194, 22 L.Ed.2d 459 (1969).[2] There the court stated that when an appellate court reverses a district court denial of class certification the status of the class members is to be determined by relation back to the date of the initiation of the suit. In *Samuel v. University of Pittsburgh,* 506 F.2d 355, 360 n.11 (3d Cir. 1974), we cited the *Esplin* holding with approval as a justification for dismissing an interlocutory appeal from a decertification order. Any other rule would result in denying class members any meaningful appellate review, since, in most cases, such review will not be available until after the applicable limitations period has run.

■ Implicit in our reasoning, of course, is the assumption that an individual plaintiff such as Gelman who prevails in the district court will have standing to appeal from the denial of class action treatment as a representative of the potential class.

---

1. The trial of the merits of appellants' case is not scheduled to commence until September 26, 1977. Since, under *Hackett,* the class certification issue cannot be reviewed until a final judgment is rendered in the district court, it is unlikely that this court would have an opportunity to review that issue until after the expiration of the statute of limitations.

2. Cf. *Romasanta v. United Airlines, Inc.,* 537 F.2d 915 (7th Cir. 1976), *cert. granted sub nom., United Airlines, Inc. v. McDonald,* 429 U.S. 998, 97 S.Ct. 523, 50 L.Ed.2d 608 (1976). See also *Union Carbide & Carbon Corp. v. Nisley,* 300 F.2d 561 (10th Cir. 1961); *York v. Guaranty Trust Co.,* 143 F.2d 503 (2d Cir. 1944), *rev'd on other grounds,* 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945).

*Esplin v. Hirschi, supra,* involved such an appeal. *See also United Airlines, Inc. v. McDonald,* —— U.S. ——, ——, 97 S.Ct. 2464, 53 L.Ed.2d 423 (1977); *Cameron v. E. M. Adams & Co.,* 547 F.2d 473 (9th Cir. 1976); *Share v. Air Properties G. Inc.,* 538 F.2d 279 (9th Cir. 1976); *Hoehle v. Litkins,* 538 F.2d 229 (8th Cir. 1976). *Cf. Frost v. Weinberger,* 515 F.2d 57 (2d Cir. 1975), *cert. denied,* 424 U.S. 958, 96 S.Ct. 1435, 47 L.Ed.2d 364 (1976). *But cf. Anschul v. Sitmar Cruises, Inc.,* 544 F.2d 1364, 1371 (7th Cir. 1976) (Judges Swygert and Bauer dissenting from the dismissal of an interlocutory appeal).

■ Since appellants will suffer no prejudice should we determine at a later date that the district court erred in denying class certification, the reasons advanced for reconsidering *Hackett* do not apply.

The motion to dismiss the appeal will be granted.