Willie N. MAYFIELD and Garland
P. Edwards, Appellants,

v.

William P. BARR, Attorney General
of the United States.

No. 91–5307.

United States Court of Appeals,
District of Columbia Circuit.

Argued Nov. 10, 1992.

Decided Feb. 23, 1993.

Rehearing and Rehearing En Banc
Denied April 15, 1993.

Thomas J. McGrew, Washington, D.C., argued the cause for the appellants. With him on the briefs was Patricia H. Anderson.

Marleigh D. Dover, Dept. of Justice, Washington, DC, argued the cause for the Atty. Gen. With her on the brief were Jay B. Stephens, U.S. Atty., Stuart M. Gerson, Asst. Atty. Gen. and Robert S. Greenspan, Dept. of Justice.

Before: WILLIAMS, SENTELLE, and RANDOLPH, Circuit Judges.

Opinion for the court filed by Circuit Judge RANDOLPH.

Dissenting opinion filed by Circuit Judge SENTELLE.

RANDOLPH, Circuit Judge:

This is an appeal from an order of the district court, Pratt, J., approving the settlement of a class action and dismissing, with prejudice, the claims prosecuted by the class. The Settlement Agreement specifically preserved the individual claims of Willie N. Mayfield and Garland P. Edwards. Mayfield and Edwards, we hold, have no standing to challenge the court's approval of the Agreement as it relates to the class action.

Mayfield worked as a clerk in the Tax Division of the Department of Justice. His complaint, filed against the Attorney General in 1986, alleged that the Tax Division had been violating the Civil Rights Act of 1964, 42 U.S.C. § 2000e–16, by discriminating against him and other black non-attorneys on the basis of race in the Division's promotion and training decisions. On behalf of himself and all former and current black non-attorney Tax Division employees, Mayfield sought a declaratory judgment, an injunction, and compensatory relief. Judge Pratt certified a class consisting of

black non-attorneys employed in the Division on or after June 5, 1984, who were eligible but had not applied for a promotion.

In 1991, after extensive discovery, attorneys for both sides announced their settlement of the class action claims. They submitted a written agreement for the court's approval, signed by Justice Department attorneys and, on behalf of the class, attorneys from the law firm of Sidley & Austin and The Washington Lawyers' Committee for Civil Rights Under Law. The Settlement Agreement required the Tax Division to post notices attesting to its nondiscriminatory employment policies and informing employees of job training opportunities; to advertise merit promotion opportunities within the Division; to provide training in clerical skills upon an employee's request; and to conduct meetings about training and promotion opportunities.

According to the attorneys for the class, the Agreement embodied all the non-monetary relief Mayfield ever proposed. Mayfield and Edwards were nevertheless dissatisfied. Edwards, who became a member of the class upon the dismissal of his separate action, retired from the Justice Department in 1986. He wanted monetary relief, as did Mayfield, but the proposed Agreement provided none. With respect to their claims, paragraph 16 of the Agreement stated:

> This Agreement represents the full and exclusive remedy for any and all claims or causes of action, whether known or unknown, which were or could have been asserted in this action by any class member, except that the individual claim of Willie N. Mayfield which was raised in the instant action and the individual claim of Garland Edwards (Civ. A. No. 86–2447) which was consolidated with this action are preserved.

Judge Pratt gave his preliminary approval to the Agreement on May 21, 1991, and set August 21, 1991, for a final hearing. Notice of the terms of the Agreement, except for those dealing specifically with Mayfield and Edwards, went out to the class members.

In the meantime, Sidley & Austin and The Lawyers' Committee sought leave to withdraw as counsel for Mayfield and Edwards on their individual claims, citing "substantial disagreement ... with respect to fundamental issues of litigation strategy" and "irreconcilable differences between [Mayfield and Edwards] and counsel concerning the law and facts applicable to this case." After a hearing at which Mayfield and Edwards confirmed their disagreement with counsel and their intention to continue with their individual actions despite the imminent conclusion of the class action, Judge Pratt granted their attorneys' motion to withdraw and, on June 25, 1991, Arnold & Porter was appointed to represent them *pro bono*. Sidley & Austin and The Lawyers' Committee remained as counsel for the class members.

At the August 21 hearing on final approval of the Settlement Agreement, no members of the settling class interposed an objection. Mayfield and Edwards appeared through their newly-appointed counsel. They argued that the court could not approve the portion of the settlement resolving the class action claims because Mayfield, the only named class representative, was not a party to that aspect of the Agreement. Mayfield and Edwards also complained that their new attorneys had not had sufficient time to study the record, that the class notice was inadequate because it did not report Mayfield's position, and that the Agreement should have distinguished between male and female black non-attorneys.

Judge Pratt rejected these contentions—each of which is raised in this appeal—on the ground that Mayfield and Edwards were "adequately protected by the proposed Settlement Agreement since they are not part of it and they can pursue and are pursuing their individual claims." Finding the Settlement Agreement to be "completely fair and adequate to the needs of the class," Judge Pratt issued an order approving it and dismissing the class action claims with prejudice.

Mayfield and Edwards ask us to set aside this order. They insist that they

"never agreed to any settlement." Appellants' Reply Brief at 5. The Attorney General is just as insistent that "Mayfield and Edwards did agree to this settlement." Appellee's Brief at 10.

There is no doubt the equitable relief provided in the Settlement Agreement failed to satisfy Mayfield and Edwards. Having retired from the Tax Division in 1986, Edwards would never see the notices posted and would never participate in the training sessions. Mayfield was still working at the Division and might have wanted additional measures implemented; the record is uncertain. It is clear that both Mayfield and Edwards thought they were entitled to compensation; neither would agree to end the lawsuit without monetary relief. The attorneys representing the class differed with them on this score and so they parted company.

One may therefore accurately say that Mayfield and Edwards did not agree with the Settlement Agreement's disposal of the class action, of which they had been a part. But the Attorney General is also correct in asserting that Mayfield and Edwards "did agree to this settlement." Paragraph 16 preserved Mayfield's and Edwards' individual claims, and it is part of the Settlement Agreement. Both individuals agreed to it while they were still represented by Sidley & Austin and The Lawyers' Committee. At no point in the district court proceedings did they contest paragraph 16, and they have not done so in this court.

■ The effect of paragraph 16, as Judge Pratt recognized, was to withdraw Mayfield and Edwards from the class. As a result, they bring this appeal only in their individual capacities. The class members, whose claims have been settled, were not made parties, and their interests are not represented in this court. Yet the arguments Mayfield and Edwards now present do not concern the merits of their individual claims, which remain to be tried. Citing *Pettway v. American Cast Iron Pipe Co.,* 576 F.2d 1157, 1177–78 (5th Cir.1978), *cert. denied,* 439 U.S. 1115, 99 S.Ct. 1020, 59 L.Ed.2d 74 (1979), and other cases, their principal contention is that the district court should not have approved settlement of the class action without first substituting another member of the class for Mayfield, the only named representative. *Contrast Sosna v. Iowa,* 419 U.S. 393, 399, 95 S.Ct. 553, 557, 42 L.Ed.2d 532 (1975); *Reynolds v. Sheet Metal Workers,* 702 F.2d 221, 224 (D.C.Cir.1981); 1 H. NEWBERG, NEWBERG ON CLASS ACTIONS § 2.28 (2d ed. 1985). Neither this contention nor the others they raise, all of which relate only to the class action portion of the Agreement, are properly before us.

■ Rule 23(e) of the Federal Rules of Civil Procedure requires court approval of class action settlements and prior notice to all members of the class. Class members must be given an opportunity to convince the court that the settlement proposed would not be fair, adequate, or reasonable. The fact that *res judicata* would bind them provides class members with an incentive to voice their objections. Those who are not class members, because they are outside the definition of the class or have opted out, are on a different footing. Class action settlements typically leave intact the legal claims of others. This is one of the reasons why nonsettling parties in multiparty cases lack standing to object to settlement agreements on appeal. *See New Mexico ex rel. Energy & Minerals Dep't v. United States Dep't of the Interior,* 820 F.2d 441, 445 (D.C.Cir.1987); *see also Jenson v. Continental Fin. Corp.,* 591 F.2d 477, 482 n. 7 (8th Cir.1979); *In re Sunrise Sec. Litig.,* 131 F.R.D. 450, 459 (E.D.Pa. 1990); 2 H. NEWBERG, *supra,* § 11.54, at 472 (2d ed. 1985 & Supp.1991); *cf. Marino v. Ortiz,* 484 U.S. 301, 108 S.Ct. 586, 98 L.Ed.2d 629 (1988). Another is the interest in encouraging settlements, particularly in class actions, which are often complex, drawn out proceedings demanding a large share of finite judicial resources. The Fourth Circuit stressed this consideration in holding that corporate bondholders could not challenge the settlement of a class action brought on behalf of shareholders against the corporation. *Gould v. Alleco, Inc.,* 883 F.2d 281, 284 (4th Cir.1989). *See generally In re Beef Indus. Antitrust Li-*

*tig.*, 607 F.2d 167, 172 (5th Cir.1979), *cert. denied*, 452 U.S. 905, 101 S.Ct. 3029, 69 L.Ed.2d 405 (1981).

██ An exception to the general rule is recognized for nonsettling parties who demonstrate "prejudice" from the settlement. *See Agretti v. ANR Freight Sys., Inc.*, 982 F.2d 242 (7th Cir.1992); *In re School Asbestos Litig.*, 921 F.2d 1330, 1333 (3d Cir.1990), *cert. denied*, —— U.S. ——, 111 S.Ct. 1622, 113 L.Ed.2d 720 (1991). Judge Pratt may have had the exception in mind despite the failure of counsel to bring it to his attention. During the August 21 fairness hearing, after pointing out that Mayfield and Edwards "are not bound by the settlement agreement and have their rights to pursue their individual cases preserved," Judge Pratt asked their attorney what they stood to lose if the settlement agreement were approved. The attorney responded "resource sharing." On appeal, Mayfield and Edwards mention two additional losses—broader discovery and greater bargaining power. Appellants' Brief at 5–6. But as Judge Wood ably demonstrated in his opinion for the Seventh Circuit in *Agretti*, "prejudice" in this context means "plain legal prejudice," as when "the settlement strips the party of a legal claim or cause of action," 982 F.2d at 247. *See Alumax Mill Products v. Congress Fin. Corp.*, 912 F.2d 996, 1002 (8th Cir.1990); *Waller v. Financial Corp. of America*, 828 F.2d 579, 582–83 (9th Cir.1987); *Quad Graphics, Inc. v. Fass*, 724 F.2d 1230, 1233 (7th Cir.1983). Mayfield and Edwards can show nothing of the sort. If they had standing for the reasons they suggest, so would every other former member of a class. The sort of harm they identify is no different than that experienced by any plaintiff who chooses to opt out of any class action and go it alone. By fully preserving their right to litigate their claims independently, Mayfield and Edwards escaped the binding effect of the class settlement. To hold that they nevertheless retained standing to challenge the order approving the settlement and dismissing the class action would be to allow the exception to swallow the rule.

In support of its contrary view, the dissent cites four appellate cases. These cases have no bearing on the question before us. In each of the cases, the district court had denied a plaintiff's motion for class certification. The courts of appeals had to decide whether the certification issue became moot when the would-be class representative's individual claims ended through a loss on the merits or the defendant's tender of judgment. The common feature of these decisions and of the later Supreme Court decisions agreeing with them, all of which allowed the appeals to go forward, is that the plaintiffs lost their claims involuntarily. *See Deposit Guaranty Nat'l Bank v. Roper*, 445 U.S. 326, 100 S.Ct. 1166, 63 L.Ed.2d 427 (1980); *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 100 S.Ct. 1202, 63 L.Ed.2d 479 (1980). Mayfield's situation is the opposite. He did not involuntarily lose his individual claim. He preserved it by dropping out of the class. Perhaps the dissent has in mind cases in which the would-be class representative voluntarily decided to relinquish his substantive claims, as in a settlement, and then tried to appeal from the order denying class certification. *Geraghty* explicitly left this subject open. 445 U.S. at 404 n. 10, 100 S.Ct. at 1213 n. 10. We have not. *Walsh v. Ford Motor Co.*, 945 F.2d 1188, 1191 & n. 5 (D.C.Cir.1991), held that a plaintiff who settles all his claims and thereby gives up his right to appeal has no standing to contest the lower court's earlier rejection of his motion to certify a class. *See also Shores v. Sklar*, 885 F.2d 760, 763 (11th Cir.1989), *cert. denied*, 493 U.S. 1045, 110 S.Ct. 843, 107 L.Ed.2d 838 (1990); *Seidman v. City of Beverly Hills*, 785 F.2d 1447, 1448 (9th Cir.1986). At all events, the cases just discussed—none of which the parties even mentioned in their briefs—do not influence our judgment. Our decision rests on the principle that those who fully preserve their legal rights cannot challenge an order approving an agreement resolving the legal rights of others.

The appeal is dismissed.

SENTELLE, Circuit Judge, dissenting:

I do not share my colleagues' view that a class representative is deprived of standing

to seek review of a court's approval of the class action settlement by the separate adjudication of his individual claim. That view runs counter to holdings of sister circuits in analogous, though not exactly parallel, cases. In *Roper v. Consurve, Inc.*, 578 F.2d 1106 (5th Cir.1978), for example, defendants paid the claims of class representatives. The District Court denied certification of the class. The representatives of the putative class appealed. In affirming their right to do so, the Fifth Circuit noted that "[b]y the very act of filing a class action, the class representatives assume responsibilities to the members of the class. They may not terminate their duties by taking satisfaction; a cease fire may not be pressed upon them by paying their claims." *Id.* at 1110.

Likewise, the Third Circuit has adopted the "assumption that an individual plaintiff ... who prevails in the district court will have standing to appeal from the denial of class action treatment as a representative of the potential class." *Gelman v. Westinghouse Electric Corp.*, 556 F.2d 699, 701 (3d Cir.1977). Similarly, in *Horn v. Associated Wholesale Grocers, Inc.*, 555 F.2d 270 (10th Cir.1977), the Tenth Circuit held that a named "plaintiff can represent the class notwithstanding the failure of his individual claim." *Id.* at 276.

The Eighth Circuit also has held that an "[a]ppellant's failure to prevail on her own claim, while ordinarily an element to consider in the appellate review of a class action determination ... is not conclusive. It does not defeat her capacity to represent the class." *Donaldson v. Pillsbury Co.*, 554 F.2d 825, 831–32 n. 5 (8th Cir.1977).

I readily admit that each of the cases cited above may be distinguished from the present controversy in that each involved an interlocutory appeal taken at the denial of certification stage under Rule 23(c), rather than at the dismissal or compromise stage under Fed.R.Civ.P. 23(e). I do not, however, believe that this distinction makes a cognizable difference. The Fifth Circuit's observation concerning the responsibilities of the class representatives remains as valid at the end stage as at the filing. I

therefore cannot join my colleagues' conclusion that this appeal should be dismissed for want of standing.

I would note that in the end, this may make very little difference. While I conclude, unlike my colleagues, that we should reach the merits of the appellants' case, I do not think they would be entitled to relief were we to do so. The mere fact that the class representative objects to a settlement does not of itself make that settlement either void or voidable. It is well established that "assent of named plaintiffs is not a prerequisite to the approval of a settlement." *Pettway v. American Cast Iron Pipe Co.*, 576 F.2d 1157, 1216 (5th Cir.1978), *cert. denied*, 439 U.S. 1115, 99 S.Ct. 1020, 59 L.Ed.2d 74 (1979). Further, I note that our task in reviewing a District Court approval of a class action settlement is a limited one. "The initial decision to approve or reject a settlement proposal is committed to the sound discretion of the trial judge." *Officers for Justice v. Civil Service Comm'n*, 688 F.2d 615, 625 (9th Cir.1982). In reviewing the District Court's exercise of that discretion, "[w]e are not to substitute our notions of fairness for those of the District Judge and the parties to the agreement." *Id.* at 626.

In the instant case, the members of the class had the notice required by law and the opportunity to be heard. An experienced district court judge exercised his informed discretion. Appellants' exceptions generally ask us to substitute our own notions of fairness. Therefore, I think it unlikely that appellants would obtain relief even were this Court to explore the merits of their cause. Nonetheless, I dissent from my colleagues' decision not to make that exploration.