**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 2 2003**

**PATRICK FISHER**
**Clerk**

RUTTER & WILBANKS CORP.;
ELLIOTT A. RIGGS; WILLIAM R.
THURSTON, Trustee; GORDON
TANNER; WALTER K. ARBUCKLE
TRUST; ERIC B. WELLS; KEVIN C.
WELLS; CHARLES R. WIGGINS;
KEN KAMON,

        Plaintiffs - Appellees,

     v.

SHELL OIL COMPANY; SHELL
WESTERN E & P, INC.; MOBIL OIL
CORPORATION; MOBIL
PRODUCING TEXAS & NEW
MEXICO, INC.; MOBIL
EXPLORATION & PRODUCING U.S.,
INC.; EXXON MOBIL, INC.; CORTEZ
PIPELINE COMPANY, a partnership;
SHELL CO $_2$ COMPANY, LTD., a Texas
limited partnership; KINDER
MORGAN CO $_2$ COMPANY, a Texas
limited partnership,

        Defendants - Appellees,

---------------------------------------

BRIDWELL OIL COMPANY and
HARRY PTASYNSKI,

        Applicants in Intervention -
        Appellants.

No. 01-1565

(D. Colorado)

(D.C. No. 00-Z-1854)

CO$_2$ CLAIMS COALITION, LLC,
named as "United States Government,"
a Colorado limited liability company,

No. 01-1567

    Plaintiffs - Appellees,

  vs.

(D. Colorado)

SHELL OIL COMPANY; SHELL
WESTERN E & P, INC.; MOBIL
PRODUCING TEXAS & NEW
MEXICO, INC.; CORTEZ PIPELINE
COMPANY, a partnership,

(D.C. No. 96-Z-2451)

    Defendants - Appellees.
-------------------------------------

BRIDWELL OIL COMPANY and
HARRY PTASYNSKI,

    Applicants in Intervention -
Appellants.

## ORDER AND JUDGMENT [*]

Before **TACHA** , Chief Judge, **ANDERSON** , and **EBEL** , Circuit Judges.

These consolidated appeals are generally related to the appeal in        Rutter &

Wilbanks Corp. v. Shell Oil Co.    , Nos. 02-1220, 02-1221 (10th Cir. filed Dec. 24,

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

2002), in which we recently affirmed the district court's approval of a settlement of a group of cases arising out of litigation concerning the production of $CO_2$ contained within the McElmo Dome Unit in Colorado. In these appeals, appellants Harry Ptasynski and Bridwell Oil Co. appeal the denial of their motions to intervene in two of those actions which were the subject of the settlement: $CO_2$ Claims Coalition, LLC v. Shell Oil Co., No. 96-Z-2451 (D. Colo. filed Oct. 22, 1996) and Rutter & Wilbanks Corp. v. Shell Oil Co., No. 00-Z-1854 (D. Colo. filed Sept. 22, 2000). We affirm.

Ptasynski and Bridwell were owners of overriding royalty interests ("ORIOs") in the McElmo Dome Unit and, as such, were part of the $CO_2$ Claims Coalition lawsuit from the beginning. The Rutter & Wilbanks lawsuit sought to represent a class of McElmo Dome ORIOs alleging essentially the same claims regarding the pricing of $CO_2$ as were alleged in the $CO_2$ Claims Coalition action.

In August, 2001, Ptasynski and Bridwell moved to intervene as plaintiffs under Rule 23 and 24 in Rutter & Wilbanks Corp., and moved to intervene as plaintiffs under Rule 24 in the $CO_2$ Claims Coalition case. The district court denied these motions on multiple grounds: the motions were untimely, Ptasynski's and Bridwell's interests, to the extent they were impaired at all were impaired "by their own actions" and, in any event, were cured by their decision to opt out of the settlement, the Texas actions they have thus far unsuccessfully

-3-

pursued against the same defendants and alleging essentially the same claims raise potential res judicata problems, and their allegations in support of their claim that Plaintiffs' attorneys cannot adequately represent them are conclusory and nonmeritorious.

The September 2001 settlement agreement settling the $CO_2$ Claims Coalition action and the Rutter & Wilbanks action gave Ptasynski and Bridwell the right to opt out of the settlement. On December 4, 2001, Ptasynski and Bridwell filed these appeals from the district court's denial of their motions to intervene. In January 2002, they exercised their right to opt out of the settlement, and specifically reserved all of their claims. See Defendants-Appellees' Supp. App. at 2-3.

As indicated, Ptasynski has also been pursuing an action against the same defendants (Shell Oil Co. and Mobil Oil Co.) in Texas alleging essentially the same claims concerning underpayment of royalties on $CO_2$ gas production on the McElmo Dome Unit. His co-plaintiff in that case is the W.L. Gray Co. ("Gray"), the denial of whose motion to intervene in Rutter & Wilbanks we simultaneously affirm. See Rutter & Wilbanks Corp. v. Shell Oil Co., No. 02-1034 (10th Cir. filed Dec. 24, 2002). That Texas action was filed in May 1997, proceeded to trial in August 1999, and resulted in judgment for Shell and Mobil on all Ptasynski's and Gray's claims except a claim for negligent misrepresentation. In February

2002, the Fifth Circuit reversed the trial court's entry of judgment for Ptasynski on the negligent misrepresentation claim and affirmed the judgment in favor of Shell and Mobil on all other claims.

Bridwell has similarly been involved in extensive litigation in various Texas courts, most of which has resulted in rulings adverse to it and in favor of Shell and Mobil. On August 29, 2002, the Texas Supreme Court held that an action involving Bridwell, which had been transferred to the probate court of Denton County, Texas, had been improperly transferred. Gerald O. Bailey has been a co-defendant and co-plaintiff with Bridwell in a number of these Texas actions. We have simultaneously affirmed the denial of Bailey's motion to intervene in Rutter & Wilbanks along with Gray's. See id.

Defendants and Plaintiffs in this case argue that Ptasynski and Bridwell lack standing: "Appellants seek to intervene in the Coalition and Rutter & Wilbanks lawsuits in order to pursue their claims for allegedly underpaid overriding royalties for McElmo Dome $CO_2$. Because those cases have been settled and Appellants have elected to opt out of the settlement, however, these appeals must be dismissed for lack of standing." Defendants-Appellees' Answer Br. at 7. Alternatively, assuming appellants have standing, Plaintiffs and Defendants argue the trial court correctly denied their motions to intervene

because they satisfy none of the requirements for intervention under Fed. R. Civ. P. 24.

We first consider Plaintiffs' and Defendants' argument that Ptasynski and Bridwell lack standing at this point to pursue this appeal. Plaintiffs and Defendants argue that, having opted out of the settlement of the cases with respect to which Ptasynski and Bridwell sought intervention, they thereby lost their standing.

> It is well settled that, in order to show standing necessary to invoke federal court jurisdiction, a party must demonstrate three things: (1) "injury in fact," by which we mean an invasion of a legally protected interest that is "(a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical"; (2) a causal relationship between the injury and the challenged conduct, by which we mean that the injury "fairly can be traced to the challenged action of the defendant," and has not resulted "from the independent action of some third party not before the court"; and (3) a likelihood that the injury will be redressed by a favorable decision, by which we mean that the "prospect of obtaining relief from the injury as a result of a favorable ruling" is not "too speculative."

In re Integra Realty Res., Inc., 262 F.3d 1089, 1101 (10th Cir. 2001) (quoting Northeastern Fla. Chapter of the Associated Gen. Contractors v. City of Jacksonville, 508 U.S. 656, 663-64 (1993)). In In re Integra, we held that parties who had opted out of a settlement lacked standing to challenge the settlement because they "lack[ed] any legally protected interest that could support the 'injury

in fact' element necessary to demonstrate standing." Id. at 1102; see also In re: Vitamins Antitrust Class Actions , 215 F.3d 26 (D.C. Cir. 2000) (holding that presumptive class members who had opted out of a settlement had no standing to challenge a specific clause in the settlement). We, and other courts, have recognized a narrow exception to this where nonsettling parties can demonstrate that they will suffer "'plain legal prejudice,' as when 'the settlement strips the party of a legal claim or cause of action.'" In re Integra , 262 F.3d at 1102 (quoting Mayfield v. Barr , 985 F.2d 1090, 1093 (D.C. Cir. 1993)) (further quotation omitted).

We have also held that "a plaintiff must maintain standing at all times throughout the litigation for a court to retain jurisdiction." Powder River Basin Res. Council v. Babbitt , 54 F.3d 1477, 1485 (10th Cir. 1995). Other courts have suggested that the issue is more properly framed as one of mootness: "while it is true that a plaintiff must have a personal interest at stake throughout the litigation of a case, such interest is to be assessed under the rubric of standing at the commencement of the case, and under the rubric of mootness thereafter." Becker v. Fed. Election Comm'n , 230 F.3d 381, 386 n.3 (1st Cir. 2000); see also Steger v. Franco, Inc. , 228 F.3d 889, 893 (8th Cir. 2000).

Whether framed as an issue of standing or mootness, we agree with Plaintiffs and Defendants that Ptasynski and Bridwell no longer have the requisite

personal interest in this action. They seek intervention in two cases which have now settled, and the validity of that settlement has been affirmed on appeal. During the pendency of these appeals from the denial of their motions to intervene, they opted out of that settlement and are, in fact, pursuing their individual claims in Texas courts. They therefore lack any personal stake or interest in the settlement and, more particularly, in the cases which were the object of that settlement.

Alternatively, were they able to identify some interest sufficient to avoid a conclusion of mootness or lack of standing, we would affirm the district court's denials of their motions to intervene, for substantially the reasons set forth in the district court's written orders denying those motions.

AFFIRMED.

ENTERED FOR THE COURT

Stephen H. Anderson
Circuit Judge