**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 9, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

STATE OF NEW MEXICO, ex rel. State
Engineer,

      Plaintiff - Appellee,

and

UNITED STATES OF AMERICA;
PUEBLO DE NAMBE; PUEBLO DE
POJOAQUE; PUEBLO DE SAN
ILDEFONSO; PUEBLO DE TESUQUE,

      Intervenors Plaintiffs - Appellees,

and

CITY OF SANTA FE, SANTA FE
COUNTY; RIO DE TESUQUE
ASSOCIATION, INC.,

      Defendants - Appellees,

v.

NANSY CARSON; PAUL DOTSON;
HELEN RINKE; ANNETTE DURAN;
GRACE L. GOMEZ; MARGO GOMEZ;
BARBARA AAMODT; VIOLA
GONZALES; PAUL AAMODT;
GILBERT GONZALES; PETE ARAGON;
LUCILLE GONZALES; MARGIE
ARCHIBEQUE; DALILA ARCHULETA;
JOSE G. GONZALES; MARDY
GONZALES; EDUARDO ARCHULETA;
LARRY HERRERA; ANGIE
ARCHULETA; JOHN HOGDEN; ISAAC

No. 17-2147
(D.C. No. 6:66-CV-06639-WJ-WPL)
(D. N.M.)

ARCHULETA; M. A. LATHROP; JOE ARCHULETA; JANE LIPMAN; JOHN P. ARCHULETA; ELVIRA ARCHULETA; MATHEW LOGGHE; JOSE P. ARCHULETA; TAMMY LOGGHE; JERRY LUGO; LYDIA ARCHULETA; JANET B. ARROWSMITH; STEPHANIE KELLY MADRID; JAMES R. ATTLESEY; EDNA MAES; KATHLEEN S. ATTLESEY; ANNE MARTINEZ; WALTER MARTINEZ; BAUDILIO G. BACA; ROBERTO F. BACA; EUGENE ORTIZ; JOHN ORTIZ; JAMES P. BARBER; JOHN PROVOST; RAY JAMES ROYBAL; MARK BLEA; STELLA SHELBURN; APRIL BLEA; TONY TRUJILLO; JOHN BORREGO; CHRISTI OFFUTT; CATHERINE BORREGO; JUAN BORREGO; JOSEPH P. VALDEZ; NATHAN L. BORREGO; DAN VALENCIA; WARREN HALL YOUNG; M. J. BUSTOS; LUCY YUAN; IGNACIO CARRENO; ANNABELLE CARRENO; STEVE CARSON; TIM CASH; MELVIN CHANEY; ELAINE CHAVEZ; MANUEL CHAVEZ; FELIX CHAVEZ; LYNNE COMEAU; LUCY M. CORNWELL; MARCELLA CUR; GERARD CUR; MICHAEL DEMARIA; BRUCE DURAN; DAVE DURAN; LEROY DURAN; MICHELLE DURAN; PRISCILLA DURAN; ROBERT L. DURAN; RONNIE DURAN; STEVE DURAN; BEVERLY DURAN-CASH; TANYA EDWARDS; MATHEW EDWARDS; VIRGINIA ESPINOSA; ANDREA FISHER; LINDA FLUK; ARNOLD GABALDON; DAVID GALLEGOS; ELAINE GALLEGOS; MANNY GALLEGOS; NICK GALLEGOS; GLORIA J. GALLEGOS; PHYLLIS GALLEGOS; LIA GALLEGOS; RAMON GALLEGOS;

2

VALDEZ GALLEGOS; JANITO GALLEGOS; ANTHONY GARCIA; JERRY L. GARCIA; JOE GARCIA; AMELIA GARCIA; KATHLEEN GARCIA; LEONARDO GARCIA; MARIA E. GARCIA; MARIANO GARCIA; RAMON GARCIA; RAMONA GARCIA; GILBERT GARDUNO; GILBERT JOHN GARDUNO; KATHERINE GARDUNO; JD PAUL GARDUNO; MARGARET GARDUNO; FERNANDO GARZON; FERNIE M. GIRON; GEORGE GOMEZ; JOHN GOMEZ; LOYOLA GOMEZ; RAMONA GOMEZ; BETH GONZALES; DEBBIE GONZALES; FERMIN GONZALES; JUAN GONZALES; MARLENE GONZALES; ROBERT GONZALES; RODOLFO GONZALES; SUSAN GONZALES; JAKE GONZALES; DIANA GONZALEZ; TONY GONZALEZ; EILEEN M. GOODWIN; NANCY GRABOWSKI; JOHN GUTTING; PUANANI G. HARVEY; ERNESTINE HERRERA; MARTHA HERRERA; KEVIN HERRERA; NICOLE VOIGHT; THOMAS HICKS; CAROL HOGSETT; VICTOR HOGSETT; DOLORES B. JACOBS; BENITO JACQUEZ; CARLA M. JACQUEZ; EDWARD JACQUEZ; FACUNDO CUNDY JIMENEZ; JUAN C. JIMENEZ; LOUISE L. JIMENEZ; SARA JIMENEZ; LORRAINE JIMINEZ; FRANK R. JIMINEZ; JAMES JIRON; JUAN F. JIRON; ARABELLA A. JIRON; LYNN R. KELLY; KIM HELMS; PATRICIA MCMAHON KENNEDY; RICHARD L. KREISCHER; DIANE P. KREISCHER; AARON LAW; ROSE LAW; KARLA LEYBA; CHRISTINA D. LOPEZ; JOSEPH C. LOPEZ; SHERRY LOPEZ; MANUEL LOPEZ; PETRONILA M. LOPEZ; MARGARET E. LOPEZ;

3

ORLANDO L. LOPEZ; EDWARD LUCERO, JR.; STEPHANIE LUCERO; NANCY F. LUJAN, (Doherty); AMADEO R. LUJAN; PEDRO LUJAN; EVELYN LUJAN; JANET HERRERA; TOM LYNCH; LARRY MAASSEN; MARYBETH MAASSEN; ROMERO MAES; LUCY MAES; VIRGINIA MAES; MICHAEL MARGIOTTA; MARY ELLEN MARINO; ALEX MARTINEZ; BERNADETTE MARTINEZ; EDWARD F. MARTINEZ; EMILIO MARTINEZ; GERARD MARTINEZ; SUSIE MARTINEZ; JOSE AB MARTINEZ; MANUEL MARTINEZ; ANGIE MARTINEZ; PAUL MOORE; MANUEL MARTINEZ; FAVIOLA MARTINEZ; MARY G. MARTINEZ; MICHAEL MARTINEZ; RODNEY DAVID MARTINEZ; VICTOR MARTINEZ; BERLINDA MARTINEZ; CINDY MARTINEZ; MARY WOODSON, Woodson Family Trust; MARCELLA MATHIESON; PETER GOMEZ; RAYMOND MCALLISTER; ESTATE OF ALLEN MCNOUN; MARK MCNOUN; A. GREER MCSPADDEN; JACOB MENDEZ; JESSICA L. MENDEZ; SANDRA MENDOZA; BRENDA MOLINA; ELEAZAR MOLINA; SYLVIA MOLINA; JOSEPH MONTES; ANTHONY MONTOYA; VICKIE MONTOYA; BEN MONTOYA; CARMEN MONTOYA; DAVID MONTOYA; CYNTHIA MONTOYA; HENRY MONTOYA; VIRGINIA MONTOYA; LEE NARANJO; DAVE NEAL; CHRISTELLA NEAL; KEITH J. OBERMAIER; HEATHER NORDQUIST; TERRENCE NORDQUIST, MIKE O'KEEFE; JOHANNA W. OGLE; JOSE F. ORTIZ TRUST; BART ORTIZ; TERI A. ORTIZ; MARGARET ORTIZ; EDDIE H.

4

ORTIZ; JENNIE ORTIZ; ROSA M. ORTIZ; STEPHANIE PADILLA; DAVID PAUL; C. ROBERT QUINTANA; ANNETTE PEREZ; BERSABELLA R. PEREZ; KRISTOPPHER PETERSON; FRANCES QUINTANA; CELESTINO QUINTANA; ANDREW RIVERA; J. E. ROYBAL; SYLVIA QUINTANA; HERMAN TRUJILLO; KATHY ROMERO; KATHRYN L. ROMERO; FRANCES QUINTANA; FERNANDO QUINTANA; ARCY RIVERA; JOHN VALENCIA; AMELIA ROYBAL; JUAN F. ROMERO; GUS ROYBAL; MARY QUINTANA; LUCY RIOS; MARY RICHERSON; ROBERT RIOS; AMANDA RIVAS; THOMAS RIVAS; JOSEPH J. ROMERO; CAROLYN ROMERO; DANETTE TRUJILLO; JUAN F. ROMERO; AUGINALDO ROMERO; JOHN ROMERO; LOLA THOMPSON; REUBEN ROYBAL; JOSE ALFREDO ROYBAL; JOSEPH A. VALDEZ; JOANN S. ROMERO; JUNE ROYBAL; JOE ROMERO; CAROLYN HALL YOUNG; OLIVIA ROMERO; MARGARITA TRUJILLO; MONICA TRUJILLO; RUBANNA RODRIGUEZ; AUDREY TORRES; LARRY S. ROYBAL; ANNA BELLE RIVERA; OLIVER RIVERA; LARRY RODRIGUEZ; STEVE SALAZAR; PHILBERT ROMERO; VINCENT YUAN; KATHY ROMERO; FLORENCIO ROMERO; ELIZABETH ROMERO; CLEO B. VALDEZ; ATANACIO ROMERO; ORALIA M. ROMERO; DIANE TRUJILLO; PATRICIA ROYBAL; GERALDINE R. TOWLES; ANNETTE ROYBAL; BERTHA L. ROMERO; CIPRIANO ROMERO; HENRY ROYBAL; LYNNE VELASCO; DIANE ROYBAL; ELLEN TRUJILLO; MONA VALENCIA; PATSY

5

SANDOVAL; FREDDY ROYBAL; FABIE VALDEZ; SEFERINO VALDEZ; JEFF TRUJILLO; JAKE TRUJILLO; JOHN B. TRUJILLO; PATRICIA GONZALES-URIOSTE; THE ESTATE OF PEDRO ROYBAL; JENNIFER DURAN ULIBARRI; STEVEN DUNBAR, Spin; CASA LAS BARRANCAS HOMEOWNERS ASSOCIATION; MANUEL F. VALDEZ; LEVI SANDOVAL; SUSAN WOLFF; JERRY WOLFF; FLAVIO VALENCIA; CELIA C. ULIBARRI; MAUREEN TRUJILLO; BARBARA WOLF; A. E. VALDEZ; PEDRO ROMERO; GEORGE VIGIL; JOE TRUJILLO; DORIS ROYBAL; DAVID WOLF; CHRISTELLA A. SALAZAR; ISADOR VALDEZ; DIANA TRUJILLO; MONICA ROYBAL; DELBERT ROYBAL; RICARDO ROMERO; CORDELIA ROYBAL; ANDY WELCH; CATHY SALAZAR; THOMAS A. SISNEROS; ARTHUR & LAURA ROYBAL ESTATE; CARMELITO SWEENEY; JESSICA TRUJILLO; PAMELA J. TRUJILLO, ELIZA VALDEZ; ESTER VIGIL; LOUISE VIGIL; GARY SULLIVAN; CRISTINA SALAZAR-LANGLEY; ERNIE TRUJILLO; JOANN SERNA; EDWARD VALDEZ; PATRICIA TRUJILLO; STELLA TRUJILLO; JOSE TRUJILLO; PITA VALENCIA; ARNOLD VIGIL; VANESSA STEIN; CHRIS VALDEZ; ROMAN VALDEZ; CARL TRUJILLO; PHILLIP VILLAREAL; LOYOLA TRUJILLO; ALEX TRUJILLO; PHILLIP ROYBAL; LINDA SALAZAR; LORETTA VALERIO; VICTOR SANDOVAL; JOHN SENA; ANNA V. TRUJILLO; ALBERT STALDELMAIER; VICENT ROYBAL; JAKE SCARBOROUGH; DAN TRUJILLO;

6

MARTHA TRUJILLO; LARRY ULIBARRI; TEOFILO VIGIL; PRESCILLA ROYBAL; JEOFF URIOSTE; WILLIAM ROYBAL; FRANK SENA; SHARON TRUJILLO; DANIEL J. TRUJILLO; RONALD TRUJILLO; ERIK VALDEZ; ROY TRUJILLO; ANNIE VIGIL; SYLVIA TRUJILLO; PHILLIP ULIBARRI; ESQUIPULA N. VALDEZ; OLIVIA TRUJILLO; SOCORRO TRUJILLO; ERNEST ULIBARRI, JR.; JOHN VALDEZ; RUBY VALDEZ; DARLENE VALDEZ; GUSTAVO VIGIL; MATTHEW WHEELER; SYLVIA VILLAREAL; PAUL WHITE; RICHARD BERNARD; JACQUELINE CORDOVA; DEBORAH DANT; ASHLEY GARCIA; GABRIEL C. HERRERA; GABRIEL C. HERRERA, JR.; GLENDA IRVING; LORRAINE JOHNSON; BLAIR NAYLOR; ROBERTO C. ORTIZ; DAVID M. SUSZCYNSKY; MARK WOLFF; WOODSON FAMILY TRUST,

     Defendants - Appellants,

and

BG & CO, LLC; MARIE BERNARD; CLARA DEMARIA; CHRISTOPHER GARCIA; GABRIEL A. HERRERA; GARY JOHNSON; ELIZABELLE MARTINEZ; LIONEL NAYLOR; MARY ELLEN ORTIZ; DEBORAH PENA; FRANK ROMERO, JR.; BILL ROYBAL; DANNY ROYBAL; JOSEPH LARRY ROYBAL; ELISABETH SANDOVAL,

     Appellants.

_____

**ORDER**

_____

7

Before **LUCERO**, **McKAY**, and **MORITZ**, Circuit Judges.

_____

This matter is before the court on three petitions for rehearing. We have a *Joint Petition for Panel Rehearing to Correct Form of Judgment* filed by the United States and associated appellees, a *Petition for Panel Rehearing* filed by appellee Rio de Tesuque Association, Inc., and a *Petition for Panel Rehearing or Rehearing En Banc* filed by the appellants. This order addresses all three requests.

Upon consideration, the petition for panel rehearing filed by the United States and associated appellees is granted in part and for the limited purpose of clarifying the operative language used in the opinion to reverse the district court. The amended decision is attached to this order, and the Clerk is directed to file the substitute opinion effective today's date. The United States' and associated appellees' petition is otherwise denied.

The petitions for panel rehearing filed by Rio de Tesuque Association, Inc. and the appellants are denied by the original panel members. In addition, however, and because the appellants seek en banc review, that petition was also circulated to all members of the court who are in regular active service and who are not recused. *See* Fed. R. App. P. 35(a). As no active judge nor original panel member requested that a poll be called, the request for en banc consideration is likewise denied.

Entered for the Court

ELISABETH A. SHUMAKER, Clerk

8

**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**November 9, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

STATE OF NEW MEXICO, ex rel. State
Engineer,

      Plaintiff - Appellee,

and

UNITED STATES OF AMERICA;
PUEBLO DE NAMBE; PUEBLO DE
POJOAQUE; PUEBLO DE SAN
ILDEFONSO; PUEBLO DE  TESUQUE,

      Intervenors Plaintiffs - Appellees,

and

CITY OF SANTA FE, SANTA FE
COUNTY; RIO DE TESUQUE
ASSOCIATION, INC.,

      Defendants - Appellees,

v.

NANSY CARSON; PAUL DOTSON;
HELEN RINKE; ANNETTE DURAN;
GRACE L. GOMEZ; MARGO GOMEZ;
BARBARA AAMODT; VIOLA
GONZALES; PAUL AAMODT;
GILBERT GONZALES; PETE ARAGON;
LUCILLE GONZALES; MARGIE
ARCHIBEQUE; DALILA ARCHULETA;
JOSE G. GONZALES; MARDY
GONZALES; EDUARDO ARCHULETA;
LARRY HERRERA; ANGIE
ARCHULETA; JOHN HOGDEN; ISAAC

No. 17-2147

ARCHULETA; M. A. LATHROP; JOE ARCHULETA; JANE LIPMAN; JOHN P. ARCHULETA; ELVIRA ARCHULETA; MATHEW LOGGHE; JOSE P. ARCHULETA; TAMMY LOGGHE; JERRY LUGO; LYDIA ARCHULETA; JANET B. ARROWSMITH; STEPHANIE KELLY MADRID; JAMES R. ATTLESEY; EDNA MAES; KATHLEEN S. ATTLESEY; ANNE MARTINEZ; WALTER MARTINEZ; BAUDILIO G. BACA; ROBERTO F. BACA; EUGENE ORTIZ; JOHN ORTIZ; JAMES P. BARBER; JOHN PROVOST; RAY JAMES ROYBAL; MARK BLEA; STELLA SHELBURN; APRIL BLEA; TONY TRUJILLO; JOHN BORREGO; CHRISTI OFFUTT; CATHERINE BORREGO; JUAN BORREGO; JOSEPH P. VALDEZ; NATHAN L. BORREGO; DAN VALENCIA; WARREN HALL YOUNG; M. J. BUSTOS; LUCY YUAN; IGNACIO CARRENO; ANNABELLE CARRENO; STEVE CARSON; TIM CASH; MELVIN CHANEY; ELAINE CHAVEZ; MANUEL CHAVEZ; FELIX CHAVEZ; LYNNE COMEAU; LUCY M. CORNWELL; MARCELLA CUR; GERARD CUR; MICHAEL DEMARIA; BRUCE DURAN; DAVE DURAN; LEROY DURAN; MICHELLE DURAN; PRISCILLA DURAN; ROBERT L. DURAN; RONNIE DURAN; STEVE DURAN; BEVERLY DURAN-CASH; TANYA EDWARDS; MATHEW EDWARDS; VIRGINIA ESPINOSA; ANDREA FISHER; LINDA FLUK; ARNOLD GABALDON; DAVID GALLEGOS; ELAINE GALLEGOS; MANNY GALLEGOS; NICK GALLEGOS; GLORIA J. GALLEGOS; PHYLLIS GALLEGOS; LIA GALLEGOS; RAMON GALLEGOS;

2

VALDEZ GALLEGOS; JANITO GALLEGOS; ANTHONY GARCIA; JERRY L. GARCIA; JOE GARCIA; AMELIA GARCIA; KATHLEEN GARCIA; LEONARDO GARCIA; MARIA E. GARCIA; MARIANO GARCIA; RAMON GARCIA; RAMONA GARCIA; GILBERT GARDUNO; GILBERT JOHN GARDUNO; KATHERINE GARDUNO; JD PAUL GARDUNO; MARGARET GARDUNO; FERNANDO GARZON; FERNIE M. GIRON; GEORGE GOMEZ; JOHN GOMEZ; LOYOLA GOMEZ; RAMONA GOMEZ; BETH GONZALES; DEBBIE GONZALES; FERMIN GONZALES; JUAN GONZALES; MARLENE GONZALES; ROBERT GONZALES; RODOLFO GONZALES; SUSAN GONZALES; JAKE GONZALES; DIANA GONZALEZ; TONY GONZALEZ; EILEEN M. GOODWIN; NANCY GRABOWSKI; JOHN GUTTING; PUANANI G. HARVEY; ERNESTINE HERRERA; MARTHA HERRERA; KEVIN HERRERA; NICOLE VOIGHT; THOMAS HICKS; CAROL HOGSETT; VICTOR HOGSETT; DOLORES B. JACOBS; BENITO JACQUEZ; CARLA M. JACQUEZ; EDWARD JACQUEZ; FACUNDO CUNDY JIMENEZ; JUAN C. JIMENEZ; LOUISE L. JIMENEZ; SARA JIMENEZ; LORRAINE JIMINEZ; FRANK R. JIMINEZ; JAMES JIRON; JUAN F. JIRON; ARABELLA A. JIRON; LYNN R. KELLY; KIM HELMS; PATRICIA MCMAHON KENNEDY; RICHARD L. KREISCHER; DIANE P. KREISCHER; AARON LAW; ROSE LAW; KARLA LEYBA; CHRISTINA D. LOPEZ; JOSEPH C. LOPEZ; SHERRY LOPEZ; MANUEL LOPEZ; PETRONILA M. LOPEZ; MARGARET E. LOPEZ;

3

ORLANDO L. LOPEZ; EDWARD LUCERO, JR.; STEPHANIE LUCERO; NANCY F. LUJAN, (Doherty); AMADEO R. LUJAN; PEDRO LUJAN; EVELYN LUJAN; JANET HERRERA; TOM LYNCH; LARRY MAASSEN; MARYBETH MAASSEN; ROMERO MAES; LUCY MAES; VIRGINIA MAES; MICHAEL MARGIOTTA; MARY ELLEN MARINO; ALEX MARTINEZ; BERNADETTE MARTINEZ; EDWARD F. MARTINEZ; EMILIO MARTINEZ; GERARD MARTINEZ; SUSIE MARTINEZ; JOSE AB MARTINEZ; MANUEL MARTINEZ; ANGIE MARTINEZ; PAUL MOORE; MANUEL MARTINEZ; FAVIOLA MARTINEZ; MARY G. MARTINEZ; MICHAEL MARTINEZ; RODNEY DAVID MARTINEZ; VICTOR MARTINEZ; BERLINDA MARTINEZ; CINDY MARTINEZ; MARY WOODSON, Woodson Family Trust; MARCELLA MATHIESON; PETER GOMEZ; RAYMOND MCALLISTER; ESTATE OF ALLEN MCNOUN; MARK MCNOUN; A. GREER MCSPADDEN; JACOB MENDEZ; JESSICA L. MENDEZ; SANDRA MENDOZA; BRENDA MOLINA; ELEAZAR MOLINA; SYLVIA MOLINA; JOSEPH MONTES; ANTHONY MONTOYA; VICKIE MONTOYA; BEN MONTOYA; CARMEN MONTOYA; DAVID MONTOYA; CYNTHIA MONTOYA; HENRY MONTOYA; VIRGINIA MONTOYA; LEE NARANJO; DAVE NEAL; CHRISTELLA NEAL; KEITH J. OBERMAIER; HEATHER NORDQUIST; TERRENCE NORDQUIST, MIKE O'KEEFE; JOHANNA W. OGLE; JOSE F. ORTIZ TRUST; BART ORTIZ; TERI A. ORTIZ; MARGARET ORTIZ; EDDIE H.

4

ORTIZ; JENNIE ORTIZ; ROSA M. ORTIZ; STEPHANIE PADILLA; DAVID PAUL; C. ROBERT QUINTANA; ANNETTE PEREZ; BERSABELLA R. PEREZ; KRISTOPPHER PETERSON; FRANCES QUINTANA; CELESTINO QUINTANA; ANDREW RIVERA; J. E. ROYBAL; SYLVIA QUINTANA; HERMAN TRUJILLO; KATHY ROMERO; KATHRYN L. ROMERO; FRANCES QUINTANA; FERNANDO QUINTANA; ARCY RIVERA; JOHN VALENCIA; AMELIA ROYBAL; JUAN F. ROMERO; GUS ROYBAL; MARY QUINTANA; LUCY RIOS; MARY RICHERSON; ROBERT RIOS; AMANDA RIVAS; THOMAS RIVAS; JOSEPH J. ROMERO; CAROLYN ROMERO; DANETTE TRUJILLO; JUAN F. ROMERO; AUGINALDO ROMERO; JOHN ROMERO; LOLA THOMPSON; REUBEN ROYBAL; JOSE ALFREDO ROYBAL; JOSEPH A. VALDEZ; JOANN S. ROMERO; JUNE ROYBAL; JOE ROMERO; CAROLYN HALL YOUNG; OLIVIA ROMERO; MARGARITA TRUJILLO; MONICA TRUJILLO; RUBANNA RODRIGUEZ; AUDREY TORRES; LARRY S. ROYBAL; ANNA BELLE RIVERA; OLIVER RIVERA; LARRY RODRIGUEZ; STEVE SALAZAR; PHILBERT ROMERO; VINCENT YUAN; KATHY ROMERO; FLORENCIO ROMERO; ELIZABETH ROMERO; CLEO B. VALDEZ; ATANACIO ROMERO; ORALIA M. ROMERO; DIANE TRUJILLO; PATRICIA ROYBAL; GERALDINE R. TOWLES; ANNETTE ROYBAL; BERTHA L. ROMERO; CIPRIANO ROMERO; HENRY ROYBAL; LYNNE VELASCO; DIANE ROYBAL; ELLEN TRUJILLO; MONA VALENCIA; PATSY

5

SANDOVAL; FREDDY ROYBAL; FABIE VALDEZ; SEFERINO VALDEZ; JEFF TRUJILLO; JAKE TRUJILLO; JOHN B. TRUJILLO; PATRICIA GONZALES-URIOSTE; THE ESTATE OF PEDRO ROYBAL; JENNIFER DURAN ULIBARRI; STEVEN DUNBAR, Spin; CASA LAS BARRANCAS HOMEOWNERS ASSOCIATION; MANUEL F. VALDEZ; LEVI SANDOVAL; SUSAN WOLFF; JERRY WOLFF; FLAVIO VALENCIA; CELIA C. ULIBARRI; MAUREEN TRUJILLO; BARBARA WOLF; A. E. VALDEZ; PEDRO ROMERO; GEORGE VIGIL; JOE TRUJILLO; DORIS ROYBAL; DAVID WOLF; CHRISTELLA A. SALAZAR; ISADOR VALDEZ; DIANA TRUJILLO; MONICA ROYBAL; DELBERT ROYBAL; RICARDO ROMERO; CORDELIA ROYBAL; ANDY WELCH; CATHY SALAZAR; THOMAS A. SISNEROS; ARTHUR & LAURA ROYBAL ESTATE; CARMELITO SWEENEY; JESSICA TRUJILLO; PAMELA J. TRUJILLO, ELIZA VALDEZ; ESTER VIGIL; LOUISE VIGIL; GARY SULLIVAN; CRISTINA SALAZAR-LANGLEY; ERNIE TRUJILLO; JOANN SERNA; EDWARD VALDEZ; PATRICIA TRUJILLO; STELLA TRUJILLO; JOSE TRUJILLO; PITA VALENCIA; ARNOLD VIGIL; VANESSA STEIN; CHRIS VALDEZ; ROMAN VALDEZ; CARL TRUJILLO; PHILLIP VILLAREAL; LOYOLA TRUJILLO; ALEX TRUJILLO; PHILLIP ROYBAL; LINDA SALAZAR; LORETTA VALERIO; VICTOR SANDOVAL; JOHN SENA; ANNA V. TRUJILLO; ALBERT STALDELMAIER; VICENT ROYBAL; JAKE SCARBOROUGH; DAN TRUJILLO;

6

MARTHA TRUJILLO; LARRY ULIBARRI; TEOFILO VIGIL; PRESCILLA ROYBAL; JEOFF URIOSTE; WILLIAM ROYBAL; FRANK SENA; SHARON TRUJILLO; DANIEL J. TRUJILLO; RONALD TRUJILLO; ERIK VALDEZ; ROY TRUJILLO; ANNIE VIGIL; SYLVIA TRUJILLO; PHILLIP ULIBARRI; ESQUIPULA N. VALDEZ; OLIVIA TRUJILLO; SOCORRO TRUJILLO; ERNEST ULIBARRI, JR.; JOHN VALDEZ; RUBY VALDEZ; DARLENE VALDEZ; GUSTAVO VIGIL; MATTHEW WHEELER; SYLVIA VILLAREAL; PAUL WHITE; RICHARD BERNARD; JACQUELINE CORDOVA; DEBORAH DANT; ASHLEY GARCIA; GABRIEL C. HERRERA; GABRIEL C. HERRERA, JR.; GLENDA IRVING; LORRAINE JOHNSON; BLAIR NAYLOR; ROBERTO C. ORTIZ; DAVID M. SUSZCYNSKY; MARK WOLFF; WOODSON FAMILY TRUST,

Defendants - Appellants,

and

BG & CO, LLC; MARIE BERNARD; CLARA DEMARIA; CHRISTOPHER GARCIA; GABRIEL A. HERRERA; GARY JOHNSON; ELIZABELLE MARTINEZ; LIONEL NAYLOR; MARY ELLEN ORTIZ; DEBORAH PENA; FRANK ROMERO, JR.; BILL ROYBAL; DANNY ROYBAL; JOSEPH LARRY ROYBAL; ELISABETH SANDOVAL,

Appellants.

_____

7

**Appeal from the United States District Court
for the District of New Mexico
(D.C. No. 6:66-CV-06639-WJ-WPL)**

_____

Dori E. Richards (A. Blair Dunn, with her on the briefs), Western Agriculture, Resource and Business Advocates, LLP, Albuquerque, New Mexico, for Appellants.

John L. Smeltzer, Environment & Natural Resources Division, U.S. Department of Justice (Eric Grant, Andrew "Guss" Guarino, Mark R. Haag, Environment & Natural Resources Division, U.S. Department of Justice; Joshua Mann, U.S. Department of the Interior; with him on the briefs), Washington, D.C., for the United States of America.

Gregory C. Ridgley (Arianne Singer and Kelly Brooks Smith, with him on the briefs), Santa Fe, New Mexico, for the State of New Mexico.

John W. Utton, Utton & Kery, P.A., Santa Fe, New Mexico, filed an answer brief and a supplemental brief on behalf of Santa Fe County.

Marcos D. Martinez, Santa Fe, New Mexico, filed an answer brief and a supplemental brief on behalf of the City of Santa Fe.

Larry C. White, Santa Fe, New Mexico, filed a response brief and a supplemental brief on behalf of the Rio de Tesuque Association, Inc.

Scott B. McElroy and Alice E. Walker, McElroy, Meyer, Walker & Condon, P.C., Boulder, Colorado, filed a supplemental brief on behalf of the Pueblo of Nambé.

Maria O'Brien and Sarah M. Stevenson, Modrall Sperling, Albuquerque, New Mexico, filed a supplemental brief on behalf of the Pueblo of Pojoaque.

Peter C. Chestnut and Ann Berkley Rodgers, Chestnut Law Offices, P.A., Albuquerque, New Mexico, filed a supplemental brief on behalf of the Pueblo De San Ildefonso.

Majel M. Russel, Elk River Law Office, Billings, Montana, filed a supplemental brief on behalf of the Pueblo de Tesuque.

_____

Before **LUCERO**, **McKAY**, and **MORITZ**, Circuit Judges.

_____

**LUCERO**, Circuit Judge.

_____

8

This appeal arises from a decades-long water rights adjudication in the Pojoaque Basin of New Mexico. After a settlement was reached among many of the parties involved, those who did not agree to the settlement objected. The district court overruled their objections, approved the settlement, and entered final judgment. The objecting parties now appeal. Exercising appellate jurisdiction under 28 U.S.C. § 1291, we hold that the objectors lack standing and therefore remand the case for entry of an order vacating the portion of the district court's prior order addressing the objections, and dismissing the objections for lack of subject matter jurisdiction. We do not disturb the district court's approval of the settlement.

## I

The Pojoaque Basin (the "Basin") comprises a geographic area limited by a surface water divide within which area rainfall and runoff flow into arroyos, drainages, and named tributaries that eventually drain to the Rio Pojoaque and several unnamed arroyos in its immediate vicinity. Substantially all of the Basin lies within the boundaries of the San Ildefonso, Pojoaque, Nambé, and Tesuque Pueblos tribal bands. The United States is trustee of the Pueblos' lands and water rights.

In 1966, the state of New Mexico filed suit in the U.S. District Court for the District of New Mexico to adjudicate the rights of water users in the Basin. The United States intervened on behalf of the Pueblos and on its own behalf. And the Pueblos subsequently intervened on their own behalf in 1974. The district court and the appointed special master then began an exhaustive process to adjudicate the water rights of all parties.

9

Preliminarily, the district court ruled that the Pueblos had first-priority rights to divert most of the Basin's average annual surface flow for the purpose of irrigation. Additionally, the court determined that the Pueblos had first-priority irrigation rights in the Rio Tesuque (one river that flows into the Rio Pojoaque) exceeding that river's average annual surface flow. The court qualified its conclusion by noting that these rights included only the Pueblos' irrigation rights, not their rights to water for other uses.

In approximately 1999, the parties began settlement negotiations under the supervision of the district court. Congress subsequently agreed to a proposed settlement by passing the Claims Resolution Act of 2010, which authorized the Secretary of the Interior and the Bureau of Reclamation to design and build the Regional Water System, which would supply 2,500 acre feet per year ("AFY") of water to the Pueblos and 1,500 AFY to private water users. Claims Resolution Act, Pub. L. No. 111-291, § 614, 124 Stat. 3065, 3143-44 (2010). In 2013, New Mexico submitted the settlement to the district court for approval, and the court issued a show cause order that provided all water claimants in the Basin an opportunity to object to the proposed settlement.

The settlement provides that each Pueblo has a first-priority right, senior to all other users, for a specified maximum amount of water. These rights are divided into "existing" and "future" rights: future rights may generally not be enforced against non-Pueblo users, but existing rights may be so enforced. The settlement did not determine the extent of existing non-Pueblo water rights, but the Pueblos and the

10

United States agreed not to make inter se challenges to the priority and quantification of non-Pueblo wells.

These settlement terms applied to all existing non-Pueblo water users, but non-Pueblo well users who joined the settlement received further advantages. For example, a well user who joins the settlement is not subject to priority enforcement of any Pueblo water rights if the well user agrees to abide by certain conditions. In addition, the settlement appoints the State Engineer as Water Master and provides that the State Engineer will administer Pueblo and non-Pueblo rights. The State Engineer has already promulgated rules for the administration of state-law water rights and, in September 2017, promulgated rules for the Basin. N.M. Code R. §§ 19.25.13, 19.25.20. These rules provide that non-settling parties shall have the same rights and benefits that would have been available without the settlement. N.M. Code R. § 19.25.20.119(D)-(E).

In response to its show cause order, the district court received approximately eight hundred objections from parties not directly bound by the settlement agreement. The court determined that the objectors bore the burden of showing that the settlement should not be approved. Specifically, each objector was required to demonstrate that their own rights would be harmed by the settlement and that the terms were: (1) not fair, adequate, or reasonable; (2) not in the public interest; or (3) not consistent with applicable law.

The objectors advanced two main arguments. First, they contended that the settlement was contrary to law because it altered the state-law priority system. The

11

district court reasoned that this concern was premature, because the settlement did not change any priority dates, and the non-priority administration would be performed pursuant to rules that had not yet been promulgated. N.M. ex rel. State Eng'r v. Aamodt, 171 F. Supp. 3d 1171, 1186-87 (D.N.M. 2016). Second, the objectors argued that the settlement was contrary to law because the Attorney General of New Mexico could not agree to enforce the settlement without the state legislature's approval. Rejecting this argument, the district court held that the Attorney General of New Mexico has the authority to close the Basin to further development and to limit the issuance of domestic well permits. Id. at 1186. On March 23, 2016, the district court issued a partial final judgment and decree that definitively adjudicated the Pueblos' water rights. The objectors then filed a motion to amend, arguing that a state statute, N.M. Stat. Ann. § 72-1-12, mandated legislative approval for all Indian water-rights settlements. This motion was denied.

On December 9, 2016, the state moved for entry of final judgment, subject only to the resolution of final inter se proceedings regarding non-Pueblo water rights. On July 14, 2017, the district court entered its final judgment.[1] The objectors now appeal.

---

[1] The district court stated that it entered judgment pursuant to Fed. R. Civ. P. 54(b). But that rule applies only in situations in which the court directs "entry of a final judgment as to one or more, but fewer than all claims or parties." Fed. R. Civ. P. 54(b). The district court's judgment was sufficiently final for the purposes of our appellate review under 28 U.S.C. § 1291, because it "fully resolve[d] all claims for relief" as to the Pueblos' rights. Harolds Stores, Inc. v. Dillard Dep't Stores, Inc., 82 F.2d 1533, 1541 (10th Cir. 1996).

12

## II

Our review of a district court's decision to approve a consent decree is for abuse of discretion. Johnson v. Lodge #93 of Fraternal Order of Police, 393 F.3d 1096, 1102 (10th Cir. 2004). We review questions of law, including whether a consent decree "affects rights derived from state law," de novo. Id.

We ultimately conclude that the objectors lack standing to challenge the settlement. As the Supreme Court has explained:

> Our cases have established that the irreducible constitutional minimum of standing contains three elements. First, the plaintiff must have suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct complained of—the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court. Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992) (quotations, citations, and alterations omitted). As a general rule, non-settling parties have no standing to challenge a settlement in district court. In re Integra Realty Res. Inc., 262 F.3d 1089, 1102 (10th Cir. 2001).

A limited exception exists, however, for non-settling parties who can demonstrate that they will suffer "plain legal prejudice" as a result of the settlement. Id. Courts have primarily applied this doctrine in class action cases. See, e.g., id.; Eichenholtz v. Brennan, 52 F.3d 478, 482-83 (3d Cir. 1995); Mayfield v. Barr, 985 F.2d 1090, 1093 (D.C. Cir. 1993); see also In re Integra Realty, 262 F.3d at 1102

13

(describing "policy of encouraging the voluntary settlement of lawsuits" and "concerns of standing with finality" as reasons non-settling parties "generally have no standing to complain about a settlement" (quotations omitted)); Quad/Graphics, Inc. v. Fass, 724 F.2d 1230, 1233 (7th Cir. 1983) (holding "that a non-settling party must demonstrate plain legal prejudice in order to have standing to challenge a partial settlement" outside of the class-action context).

Appellants argue that because New Mexico's water adjudication procedures afford them the right to bring an inter se challenge to the Pueblos' water rights, they therefore have standing to challenge the settlement agreement at this stage. Under New Mexico water law, however, inter se standing does not necessarily imply standing to challenge a settlement. See State ex rel. Office of the State Eng'r v. Lewis, 150 P.3d 375, 383-85 (N.M. Ct. App. 2006) (noting the parties' standing argument at the settlement stage, which was not based solely on inter se standing). Thus, although the appellants may have standing to bring an inter se challenge, they must establish independent standing to challenge the settlement agreement. See United States v. Ramos, 695 F.3d 1035, 1046 (10th Cir. 2012) ("[S]tanding is a question of justiciability that implicates this court's jurisdiction; consequently, where the record reveals a colorable standing issue, we have a duty to undertake an independent examination (sua sponte if necessary) of that issue." (quotations, alterations, and italics omitted)).

14

We hold that the appellants have demonstrated neither plain legal prejudice nor injury in fact sufficient to satisfy Article III.[2] Rather than arguing that the settlement would cause them either plain legal prejudice or an injury in fact, they simply assert that "it should ultimately go without saying that in a water adjudication, the rights of one party can and does [sic] directly impact or impair the water rights of another." This assertion is unsupported by the text of the settlement agreement or the rules implementing it. Appellants argue that the settlement could permit the Pueblos, as first-priority users, to enforce their rights against non-settling parties but decline to enforce them against settling parties who are more junior to the non-settling users. As a result, non-settling parties would be forced to stop their use of water during a water shortage until the Pueblos were able to use the entire share to which they are entitled. At the same time, however, the settling parties could share in the Pueblos' water rights. But any such deprivation would be limited to the amount of water to which the Pueblos are entitled. The non-settling parties would thus not be prejudiced, as the first-priority use would be limited to the amount to which the Pueblos are entitled, regardless of whether that water eventually reaches the lands of non-Pueblo parties. Appellants have thus failed to demonstrate how the settlement "interfere[s] with [their] [] rights" or how the settlement "strips [them] of a legal claim or cause of action." New England Health Care Emps. Pension Fund v. Woodruff, 512 F.3d 1283, 1288 (10th Cir. 2008).

---

[2] We do not decide whether the plain legal prejudice test applies to this case. Because the objectors meet neither the plain legal prejudice test nor the injury in fact test, their standing arguments fail under either scenario.

As provided in the agreement, the State Engineer has promulgated rules for the administration of water rights in the Basin. Those rules explicitly provide that non-settling parties "have the same rights and benefits that would be available without the settlement agreement" and that those rights "shall only be curtailed . . . to the extent such curtailment would occur without the settlement agreement." N.M. Code R. § 19.25.20.119(D)-(E). That the settlement preserves their rights does not provide the appellants standing to challenge it. See Spokeo v. Robins, 136 S. Ct. 1540, 1549 (2016) (plaintiff cannot "allege a bare procedural violation, divorced from any concrete harm, and satisfy the injury-in-fact requirement of Article III"); In re Motor Fuel Temperature Sales Practices Litig., 872 F.3d 1094, 1110 (10th Cir. 2017), cert. denied sub nom. Speedway LLC v. Wilson, 138 S. Ct. 1299 (2018) (rejecting party's argument that it had standing under the plain legal prejudice doctrine because "the settlements prejudice its legal right to conduct business as it has historically done and is currently authorized by law" (quotation and alterations omitted)).

## III

For the foregoing reasons, we **REMAND** the case for entry of an order vacating the portion of the district court's prior order addressing the objections and dismissing the objections for lack of subject matter jurisdiction without disturbing the district court's approval of the settlement.